IN THE CIRCUIT COURT OF PHELPS COUNTY, MISSOURI

EVELYN WOOD, individually and on behalf )
of all others similarly situated, )
)
Plaintiff, )
) Case No: 12PH-CV00949
vs. )
)
LOWE'S HOME CENTERS, INC., )
)
Defendants. )

FILED
OCT 01 2012
SUE BROWN
CIRCUIT CLERK
PHELPS COUNTY, MO

### DEFENDANT LOWE'S HOME CENTERS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

Defendant Lowe's Home Centers, Inc. ("Lowe's"), for its Answer to Plaintiff's First Amended Petition (the "Amended Petition"), states as follows:

### PRELIMINARY STATEMENT

1. Lowe's admits this is an action brought by Plaintiff, denies that it committed any violations of Missouri law and otherwise denies the allegations in Paragraph 1.

2. Lowe's denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies that it committed any violations of Missouri law and otherwise denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's admits that Plaintiff purports to bring this action on her own behalf and on behalf of a putative class, denies that class certification is appropriate in this case, denies that Plaintiff or the putative class members are entitled to any damages and/or any equitable and injunctive relief whatsoever and otherwise denies the allegations in Paragraph 4.

5.     The allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies that class certification is appropriate in this case and otherwise denies the allegations in Paragraph 5.

## JURISDICTION

6.     The allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies the allegations in Paragraph 6.

7.     The allegations in Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's admits that Plaintiff purports to stipulate that "she does not and will not seek or accept punitive damages in this case and that she disclaims all claims and causes of action which exist or may exist under Federal Law." Lowe's denies the remaining allegations in Paragraph 7.[1]

8.     The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies the allegations in Paragraph 8.

9.     The allegations in Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's admits that it operates the website, www.lowes.com, and otherwise denies the allegations in Paragraph 9.

10.    The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies the allegations in Paragraph 10.

---

[1] Lowe's notes that the United States Supreme Court has granted certiorari on this very issue. *Std. Fire Ins. Co. v. Knowles*, 2012 U.S. LEXIS 5088 (U.S. Aug. 31, 2012). Thus, it is questionable whether Plaintiff may continue to defeat removal jurisdiction by adding to the Amended Petition a binding stipulation promising not to seek greater damages than the jurisdictional minimum required by the Class Action Fairness Act of 2005.

Lowe's   202

## PARTIES

11. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

12. Lowe's admits that it is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina and that Corporation Services Company serves as its registered agent for service of process in the State of Missouri. Except as expressly admitted herein, Lowe's denies the allegations in Paragraph 12.

## ALLEGATIONS OF FACT

13. Lowe's admits that it is a home improvement retailer which offers a variety of products for retail on its website.

14. Lowe's asserts that the term "tracking code" is too vague to allow for a meaningful response and therefore denies the allegations in Paragraph 14.

15. Lowe's admits that it has invested resources into the www.lowes.com website. Except as expressly admitted herein, Lowe's denies the allegations in Paragraph 15.

16. Lowe's denies the allegations in Paragraph 16.

17. Lowe's denies the allegations in Paragraph 17.

18. Lowe's asserts that the terms "responsible for," "control," "code" and "tracking code" are too vague to allow for a meaningful response and therefore denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies the allegations in Paragraph 19.

20. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

21. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

22. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies them.

23. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies them.

24. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies them.

25. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies them.

26. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies them.

27. Lowe's denies the allegations in Paragraph 27.

28. Lowe's admits that an "LSO" is a type of file that can be utilized in connection with Adobe Flash technology. Except as expressly admitted herein, Lowe's denies the allegations in Paragraph 28.

29. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies them.

31. The allegations in Paragraph 31 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies the allegations in Paragraph 31.

32. Lowe's denies the allegations in Paragraph 32.

Lowe's   204

33.    Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies them.

34.    Lowe's denies the allegations in Paragraph 34.

35.    Lowe's denies the allegations in Paragraph 35.

36.    Lowe's avers that there was no "revenue" to share with Plaintiff and the putative class, and on that basis denies the allegations contained in Paragraph 36.

37.    Lowe's denies the allegations in Paragraph 37.

38.    Lowe's denies the allegations in Paragraph 38 and denies that Plaintiff and the putative class have suffered or are entitled to any damages whatsoever.

39.    Lowe's denies the allegations in Paragraph 39 and denies that Plaintiff and the putative class have suffered or are entitled to any damages whatsoever.

40.    Lowe's denies the allegations in Paragraph 40.

41.    Lowe's denies the allegations in Paragraph 41 and denies that Plaintiff and the putative class have suffered or are entitled to any damages whatsoever.

42.    Lowe's denies the allegations in Paragraph 42, including all subparts, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

43.    Lowe's admits that Plaintiff purports to bring this action on her own behalf and on behalf of a putative class as defined in the Amended Petition. Lowe's denies that class certification is appropriate in this case and otherwise denies the allegations in Paragraph 43.

44.    Lowe's admits that Plaintiff purports to bring this action on her own behalf and on behalf of a putative class as defined in the Amended Petition. Lowe's denies that class certification is appropriate in this case and otherwise denies the allegations in Paragraph 44.

Lowe's  205

45. Lowe's admits that Plaintiff purports to bring this action on her own behalf and on behalf of a putative class as defined in the Amended Petition. Lowe's denies that class certification is appropriate in this case and otherwise denies the allegations in Paragraph 45.

46. Lowe's denies the allegations in Paragraph 46, including all subparts, and denies that class certification is appropriate in this case.

47. Lowe's denies the allegations in Paragraph 47 and denies that class certification is appropriate in this case.

48. Lowe's denies the allegations in Paragraph 48 and denies that class certification is appropriate in this case.

49. Lowe's denies the allegations in Paragraph 49 and denies that class certification is appropriate in this case.

50. Lowe's denies the allegations in Paragraph 50 and denies that class certification is appropriate in this case.

51. Lowe's denies the allegations in Paragraph 51 and denies that class certification is appropriate in this case.

52. Lowe's denies the allegations in Paragraph 52 and denies that class certification is appropriate in this case.

53. Lowe's denies the allegations in Paragraph 53 and denies that class certification is appropriate in this case.

## COUNT I – COMPUTER TAMPERING IN VIOLATION OF MISSOURI LAW

54. In response to Paragraph 54, Lowe's incorporates by reference its responses to paragraphs 1 to 53, above.

55. Lowe's denies the allegations in Paragraph 55.

Lowe's   206

56. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56 concerning whether "Plaintiff and the Class Members are the owners or lessees of computer systems, computer networks, computer programs, computer services or data," and on that basis denies them. Lowe's denies the remaining allegations in Paragraph 56.

57. Lowe's denies the allegations in Paragraph 57, including all subparts.

58. Lowe's denies the allegations in Paragraph 58.

59. Lowe's denies the allegations in Paragraph 59, including all subparts.

60. Lowe's denies the allegations in Paragraph 60.

61. Lowe's denies the allegations in Paragraph 61, including all subparts.

62. Lowe's denies the allegations in Paragraph 62.

63. Lowe's denies the allegations in Paragraph 63, including all subparts, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

64. Lowe's denies the allegations in Paragraph 64, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages, attorney fees or other legal or equitable relief whatsoever.

## COUNT II – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

65. In response to Paragraph 65, Lowe's incorporates by reference its responses to paragraphs 1 to 64, above.

66. The allegations in Paragraph 66 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies the allegations in Paragraph 66.

67. Lowe's denies the allegations in Paragraph 67, including all subparts.

68. Lowe's denies the allegations in Paragraph 68.

69. Lowe's denies the allegations in Paragraph 69.

70. The allegations in Paragraph 70 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies the allegations in Paragraph 70 and denies that class certification is appropriate in this case.

71. Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 71 concerning whether "Plaintiff and Class Members have purchased merchandise from www.lowes.com," and on that basis denies them. Lowe's denies the remaining allegations in Paragraph 71, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

72. Lowe's denies the allegations in Paragraph 72, including all subparts, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

## COUNT III – CONVERSION

73. In response to Paragraph 73, Lowe's incorporates by reference its responses to paragraphs 1 to 72, above.

74. Lowe's denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies that it committed any violations of Missouri law and otherwise denies the allegations in Paragraph 75.

76. Lowe's denies the allegations in Paragraph 76, including all subparts, and denies that class certification is appropriate in this case.

77. Lowe's denies the allegations in Paragraph 77 and denies that class certification is appropriate in this case.

78. Lowe's denies the allegations in Paragraph 78 and denies that class certification is appropriate in this case.

79. Lowe's denies the allegations in Paragraph 79, including all subparts, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

## COUNT IV – COMMON LAW TRESPASS TO CHATTELS

80. In response to Paragraph 80, Lowe's incorporates by reference its responses to paragraphs 1 to 79, above.

81. Lowe's denies the allegations in Paragraph 81 and denies that class certification is appropriate in this case.

82. The allegations in Paragraph 82 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies that it committed any violations of Missouri law and otherwise denies the allegations in Paragraph 82.

83. The allegations in Paragraph 83 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies that it committed any violations of Missouri law and otherwise denies the allegations in Paragraph 83.

84. The allegations in Paragraph 84 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies that it committed any violations of Missouri law and otherwise denies the allegations in Paragraph 84.

Lowe's 209

85. The allegations in Paragraph 85 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's denies that it committed any violations of Missouri law and otherwise denies the allegations in Paragraph 85.

86. Lowe's denies the allegations in Paragraph 86 and denies that class certification is appropriate in this case.

87. Lowe's denies the allegations in Paragraph 87, including all subparts, and denies that class certification is appropriate in this case.

88. Lowe's denies the allegations in Paragraph 88, including all subparts, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

## COUNT V – INVASION OF PRIVACY BY UNREASONABLE INTRUSION

89. In response to Paragraph 89, Lowe's incorporates by reference its responses to paragraphs 1 to 88, above.

90. Lowe's denies the allegations in Paragraph 90 and denies that class certification is appropriate in this case.

91. The allegations in Paragraph 91 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's states that it currently lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and on that basis denies those allegations.

92. The allegations in Paragraph 92 constitute legal conclusions to which no response is required. To the extent a response is required, Lowe's avers that it currently lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 and on that basis denies those allegations.

93. Lowe's denies the allegations in Paragraph 93 and denies that class certification is appropriate in this case.

94. Lowe's denies the allegations in Paragraph 94, including all subparts, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

## COUNT V – UNJUST ENRICHMENT

95. In response to Paragraph 95, Lowe's incorporates by reference its responses to paragraphs 1 to 94, above.

96. Lowe's denies the allegations in Paragraph 96 and denies that class certification is appropriate in this case.

97. Lowe's denies the allegations in Paragraph 97 and denies that class certification is appropriate in this case.

98. Lowe's denies the allegations in Paragraph 98.

99. Lowe's denies the allegations in Paragraph 99, including all subparts, and denies that class certification is appropriate in this case.

100. Lowe's denies the allegations in Paragraph 100, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

101. Lowe's denies the allegations in Paragraph 101, including all subparts, denies that class certification is appropriate in this case, and denies that Plaintiff and the putative class have suffered or are entitled to any damages or other legal or equitable relief whatsoever.

102. Lowe's admits this Plaintiff has disclaimed any entitlement to punitive or exemplary damages on behalf of herself and the putative class. Except as expressly admitted

herein, Lowe's denies the allegations in Paragraph 102 and denies that class certification is appropriate in this case.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Without waiving its denial of liability, Lowe's alleges the following additional and affirmative defenses to all of Plaintiff's claims, Counts I through V:

103. The Amended Petition fails to state a claim upon which relief may be granted.

104. The Amended Petition and each purported claim in the Amended Petition are barred to the extent Plaintiff seeks relief for conduct occurring outside the applicable statute of limitation, section 516.120 RSMo; and count one of the Amended Petition is further barred by section 516.130 RSMo in that the relevant statutes impose a penalty or forfeiture.

105. Plaintiff's claims are barred, in whole or in part, because at all times Lowe's conduct was approved, allowed and/or sanctioned by the law.

106. Plaintiff's claims are barred, in whole or in part, because Lowe's at all times acted in good faith and had reasonable grounds for believing that it did not violate the law.

107. Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to and acquiesced in the alleged conduct.

108. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, in that Plaintiff consented to and acquiesced in the alleged conduct, and thereby knowingly relinquished a known right.

109. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, in that Plaintiff consented to and acquiesced in the alleged conduct but subsequently asserts a contrary position.

Lowe's   212

110.  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, in that Plaintiff consented to and acquiesced in the alleged conduct but unreasonably delayed bringing any action to the detriment of Lowe's.

111.  Plaintiff's damages, if any, must be reduced to the extent that she failed to mitigate any such damages.

112.  Plaintiff's claims and damages, if any, are barred, in whole or in part, by her own unclean hands.

113.  Lowe's may have additional defenses to all of Plaintiff's claims in Counts I through V which cannot be articulated at this time. Lowe's therefore does not waive any defenses and reserves the right to assert additional defenses as discovery progresses in this matter.

Lowe's   213

WHEREFORE, having fully answered Plaintiff's First Amended Petition, Lowe's denies that Plaintiff, or any member of the purported class, is entitled to any relief whatsoever and respectfully requests that this Court dismiss Plaintiff's First Amended Petition with prejudice at Plaintiff's cost; that this Court award Lowe's its attorney fees and costs incurred in defending this action; and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

BY: _____
William R. Price, Jr.          #29142
Scott T. Jansen                #57393
7700 Forsyth Boulevard
Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
(314) 621-5065 (facsimile)
wprice@armstrongteasdale.com
sjansen@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT LOWE'S HOME CENTERS, INC.

Lowe's 214

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via electronic mail this 1st day of October, 2012, to:

David L. Steelman
Stephen F. Gaunt
Steelman, Gaunt & Horsefield
901 North Pine Street, Suite 110
P.O. Box 1257
Rolla, MO 65402
(573) 341-8336
(573) 341-8548 (fax)
dsteelman@steelmanandgaunt.com
sgaunt@steelmanandgaunt.com
*Attorneys for Plaintiff*