UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVELYN WOOD, Individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:13cv584SNLJ |
| LOWE'S HOME CENTERS, INC., ) ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand [15], filed April 19, 2013. Responsive pleadings have all now been filed and this matter is ripe for disposition.

Plaintiff filed this putative class action in state court on or about October1, 2012[1], under Missouri's Computer Tampering and Merchandising Practices Act statutes, and common law for defendant's alleged tracking and use of the plaintiff's internet history and activities. Defendant removed this cause of action on or about March 29, 2013 asserting federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d). In its' Notice of Removal, defendant asserts that the allegedly untimely removal of this action was necessary because the case was not initially removable but became so based solely upon discovery responses filed in a different case, by a different plaintiff, against a different defendant.

---

[1]It is a bit unclear as to the date of the original filing date of this cause of action in the Circuit Court of Phelps County, Missouri. The removal documents indicate the filing of the original complaint on or about June 28, 2012 but there is no file stamp on the document. *See*, Document [1]. However, an amended petition was filed in the state court on October 1, 2012 and this document is file-stamped by the Circuit Clerk for Phelps County. *See*, Document [5].

On July 12, 2013 the Eighth Circuit Court of Appeals affirmed a district court's remand in a similar case in which the defendant asserted the same grounds for removal: i.e., the case became removable upon discovery responses filed in a different case, by a different plaintiff, against a different defendant.  *See*, Christine Dalton, et. al. v. Walgreen Co., 2013 WL 3480930 (8th Cir. 2013).  In light of the Dalton, *supra.* decision, the plaintiff has filed a notice in which she informs the Court that defendant no longer opposes this cause of action being remanded without prejudice to refiling.  Document [26], filed July 26, 2013.

Given the Dalton, *supra.* decision, and the notice informing the Court that defendant no longer opposes remand of this cause of action, the Court will grant the plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand [15] be and is **GRANTED.**  This cause of action, in its entirety, is hereby **REMANDED** without prejudice to refiling to the Circuit Court of Phelps County, Missouri.  No further action shall be taken in this case.

Dated this   30th    day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE

2